UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA BREAUX                                          CIVIL ACTION

VERSUS                                                NUMBER: 09-03083

MICHAEL J. ASTRUE,                                    SECTION: "S"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


**REPORT AND RECOMMENDATION**


    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff's application for Disability Insurance Benefits ("DIB"). (Rec. docs. 12, 15).

    Linda Breaux, plaintiff herein, filed the subject application for DIB on March 6, 2007, with a protective filing date of February 22, 2007, alleging disability as of January 1, 2007. (Tr. pp. 89-91, 126). In an undated Disability Report that appears in the record the conditions resulting in her inability to work were identified as high blood pressure, heart problems, left ventricular

cardiomyopathy, kidney problems, and depression. Those conditions first began bothering plaintiff in April of 2000 and ultimately rendered her unable to work on March 7, 2007. (Tr. pp. 116-125).

Plaintiff's application for DIB was denied at the initial level of the Commissioner's administrative review process on April 27, 2007. (Tr. pp. 67-70). Pursuant to her request, a hearing de novo before an Administrative Law Judge ("ALJ") went forward on April 14, 2008 at which plaintiff, who was represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 71-72, 33-62). On May 28, 2008, the ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 17-30).

On July 16, 2008, plaintiff timely requested review of the ALJ's decision by the Appeal's Council ("AC"). (Tr. pp. 14-15). While that request for review was pending, plaintiff filed a second application for DIB on August 22, 2008, alleging disability as of May 29, 2008, the day following the ALJ's unfavorable decision. (Tr. pp. 144-145). On October 24, 2008, the AC granted plaintiff's counsel until November 21, 2008 within which to submit a brief in support of his request for review as well as new and additional medical evidence. (Tr. pp. 8-9, 146-147). Plaintiff's counsel submitted the letter brief and additional evidence to the AC on November 20, 2008. (Tr. pp. 141-143, 148-152).

For whatever reason, counsel's brief and the additional evidence supporting the application for DIB did not make its way into plaintiff's file and on November 25, 2008, the AC denied plaintiff's request for review of the ALJ's decision. (Tr. pp. 5-7). On December 11, 2008, plaintiff's counsel corresponded with the AC, pointing out that the denial of the request for review did not mention the brief and additional evidence he had submitted on November 20, 2008. (Tr. pp. 144-145). Notably, counsel also pointed out that plaintiff had recently been awarded DIB pursuant to the second application for benefits she had filed on August 22, 2008 and that there was a potential conflict between the ALJ's finding of no disability on May 28, 2008 and the Administration's subsequent finding which established disability as of May 29, 2008. (Id.). On January 14, 2009, the AC formally acknowledged receipt of counsel's correspondence of November 20 and December 11, 2008 as well as the additional medical evidence from plaintiff's treating psychiatrist. (Tr. p. 4). Contemporaneously, the AC reopened its determination of November 25, 2008 to consider the foregoing submissions but nevertheless found that they did not warrant altering the ALJ's decision and thus again denied plaintiff's request for review. (Tr. pp. 1-3). It is from that unfavorable decision that the plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g).

Pursuant to the Court's directive, the parties have filed cross-motions for summary judgment respecting the correctness of the Commissioner's decision denying plaintiff's first application for DIB. As noted above, the onset date alleged in that first application was January 1, 2007 and the ALJ issued his unfavorable decision denying Social Security benefits on May 28, 2008. While that first application was pending before the AC, plaintiff filed a second application for DIB alleging an onset date of May 29, 2008, a mere one day following the ALJ's unfavorable decision, which was subsequently adjudicated in her favor and she was found disabled as of the alleged onset date.[1]/ As part of his duty with respect to that second application for DIB, the Commissioner was required to develop plaintiff's medical history for at least the twelve months preceding the date that the application was filed on August 22, 2008. 42 U.S.C. §423(d)(5)(B); 20 C.F.R. §404.1512(d).[2]/ A review of the documents generated in connection

---

[1]/ Thus, at issue in this lawsuit is plaintiff's entitlement to DIB for the closed time period between January 1, 2007, the onset date in her first application, and May 28, 2008, the date of the ALJ's unfavorable decision.

[2]/ In processing plaintiff's first application for DIB which was protectively filed on February 22, 2007 and which alleged an onset date of January 1, 2007, the Administration requested records from one of plaintiff's medical providers back to January of 2006 and from another medical provider as far back as January of 2003. (Tr. pp. 238, 169).

with the processing of that second application reveals that the Administration obtained and considered records from the West Jefferson Medical Center dated January of 2008 in assessing her physical residual functional capacity to work. (Rec. doc. 17-1, p. 16). In assessing the effects of her depression, anxiety, memory problems, and bi-polar disorder, the Administration also considered records from plaintiff's treating psychiatrist that were generated in July of 2007. (Rec. doc. 17-1, p. 29). Both of these records were submitted to the Commissioner in connection with plaintiff's first unsuccessful application for DIB. (Tr. pp. 351-364, 338). The Court is thus faced with two inconsistent disability determinations covering much of the same time period and based on some of the same documentary evidence.

As was observed in Fisher v. Astrue, 2009 WL 3672865 at *2 (E.D. La. Oct. 28, 2009);

> [t]he Court can remand a case to the Commissioner and order consideration of additional evidence "'... upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994)(quoting 42 U.S.C. §405(g)). In Latham, the Fifth Circuit ordered that plaintiff's case be remanded to the Commissioner for consideration of a Department of Veterans Affairs Rating Decision in which it was concluded that the plaintiff was eligible to receive Veterans Affairs disability benefits. Id. at 483-84. Remands

> have also been ordered to resolve inconsistencies between an earlier unfavorable decision and a subsequent favorable one. Hayes v. Astrue, 488 F.Supp.2d 560, 565 (W.D. Va. 2007); Bradley v. Barnhart, 463 F.Supp.2d 577, 580-81 (S.D. W.Va. 2006)("... an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim."). See also Reamey v. Astrue, 2009 WL 1619211 at *4-5 (W.D. Va. June 8, 2009); Lawrence v. Astrue, 2009 WL 1227840 at *7-8 (W.D. Va. May 4, 2009); Hall v. Astrue, 2008 WL 5455720 at *11-13 (W.D. Va. Dec. 31, 2008).

(emphasis added).

In light of Fisher and the authorities cited therein, it will be recommended that plaintiff's case can be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's case be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

6

such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>15th</u> day of <u>June</u>, 2010.

                                               ALMA L. CHASEZ
                               UNITED STATES MAGISTRATE JUDGE